HARDY, Judge.
This is a suit by plaintiff as beneficiary under a policy of accident insurance issued by defendant insuring the life of one Le-Roy Watt, decedent. Exceptions of no right and no cause of action were interposed on behalf of defendant, which exceptions were sustained, and there was judgment dismissing plaintiff’s demands, from which judgment plaintiff prosecutes this appeal.
.The pertinent allegations of plaintiff’s petition aver that the insured, LeRoy Watt, was struck and killed by a truck while the said assured was standing on a strip of ground located between the sidewalk and the curb of the paved portion of the street in the 1100 block of Caddo Street in the City of Shreveport, Caddo Parish, Louisiana.
The pertinent provisions of the policy with respect to the liability of the insurer read as follows:
“If the insured shall as a result of being struck by the vehicle itself * * * while the insured is walking, standing or riding a bicycle on the actual surface of a public highway as hereafter defined.
* * * * * *
. “Public Highway as used herein shall mean the traveled and improved portion of the highway open to the public generally for vehicular traffic * *
A survey of Caddo Street at the point of the accident, definitely fixing the location of decedent at tlie time he was struck, was attached to and filed with the supplemental and amended petition of plaintiff. The plot of the survey shows that LeRoy Watt was standing between the curb line of the street and a four foot sidewalk; in other words, he was on what is customarily designated as the neutral ground between the sidewalk intended for pedestrians and the street intended and used for vehicular traffic.
In our opinion the above quoted provisions of the policy, which was the contract between the parties, are clearly controlling. They are plain, clear and unambiguous. It is quite true that the coverage of the policy is exceedingly limited, but this close circumscription can only be held to have been within the contemplation of the parties at the time of making the agreement. Certainly the decedent was not occupying any .part of the actual surface of a public highway as designated in the policy at the time of the accident. Accordingly, the conclusion is inescapable that no liability attached under the policy.
The judgment appealed from is affirmed at appellant’s cost.